UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 11-43740 -MSH |
| ALBERT J. DEFUSCO | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| DOMINICK ROMANO | ) | |
| | ) | |
| Plaintiff | ) | Adversary Proceeding |
| | ) | No. 13-4020 |
| v. | ) | |
| | ) | |
| ALBERT J. DEFUSCO | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

The defendant, Albert J. Defusco, the debtor in the main case, moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, to dismiss the complaint filed by the plaintiff, Dominick Romano. In the complaint Mr. Romano seeks judgment denying Mr. Defusco's discharge pursuant to Bankruptcy Code § 727 and the dischargeability of Mr. Defusco's debt to Mr. Romano pursuant to Bankruptcy Code § 523(a)(6). Mr. Defusco seeks dismissal of the complaint on the grounds that he has already received his discharge and any attempt to revoke or limit it is time-barred and that in any event Mr. Romano failed to plead sufficient facts which establish the non-dischargeability of his claim.

**Facts**

In ruling on a motion to dismiss, the facts alleged in the complaint are accepted as true. *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). The relevant facts are as follows. Mr. Defusco is the sole shareholder and president of Defusco & Son Italian Bakery of Beverly Farms, Inc. where Mr. Romano worked as a baker from 2009 through October 2010. As the sole shareholder and president of Defusco & Son, Mr. Defusco made all of the personnel and compensation decisions for the company. Mr. Romano often worked at least sixty hours a week at the bakery. He was compensated at his regular hourly rate for the overtime hours he worked and paid in cash for those overtime hours with no withholding for taxes taken from that pay.

In August 2010, Mr. Romano suffered a hernia while lifting a mixing bowl filled with dough. He was required to lift it because the bakery mixer had broken. Mr. Romano went on sick leave and applied for worker's compensation insurance. Subsequently he filed a complaint with the Occupational Safety and Health Administration ("OSHA") about the unsafe conditions that led to his injury. On September 30, 2010, OSHA inspected the bakery and cited Defusco & Son for unsafe workplace conditions. In October 2010, when Mr. Romano notified Mr. Defusco that he was able to return to work, Mr. Defusco terminated Mr. Romano's employment.

On September 1, 2011, Mr. Defusco filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) commencing the main case. He did not list Mr. Romano as a creditor in the schedules or creditor matrix accompanying his petition. Mr. Defusco's discharge entered on December 5, 2011. As there were no assets available for distribution to Mr. Defusco's creditors, the main case was closed on December 15, 2011.

On February 7, 2012, Mr. Romano, who was unaware of Mr. Defusco's bankruptcy,[1] brought an action against Mr. Defusco and Defusco & Son in Essex Superior Court (C.A. No. 2012-0237) for violations of state and federal employment laws by underpaying overtime wages, failing to withhold taxes, and retaliating against him for filing a complaint with OSHA. On March 29, 2013, Mr. Defusco moved to reopen the main bankruptcy case and served Mr. Romano's attorney with a copy of that motion. The motion to reopen was allowed and on May 4, 2012, Mr. Defusco moved to amend schedule F (creditors holding unsecured claims) to add Mr. Romano as a creditor. The motion to amend was allowed without objection. This triggered the court's issuing a Notice to Added Creditors which was sent to Mr. Romano notifying him that July 3, 2012, was the deadline to object to Mr. Defusco's discharge or to the dischargeabilty of any debts. Mr. Romano filed three motions to extend the deadline, the first two of which were allowed without objection. Mr. Defusco objected to the request for the third extension but then withdrew his objection and the deadline was extended a final time to April 6, 2013. On April 5, 2013, Mr. Romano filed his complaint initiating this adversary proceeding.

## Positions of the Parties

Mr .Defusco seeks dismissal of count II of the complaint on the grounds that his discharge entered more than one year prior to the commencement of this adversary proceeding. He argues that the court lacks subject matter jurisdiction to hear this count. He seeks dismissal of count I on similar grounds of lack of jurisdiction as well as on the basis that Mr. Romano has failed to state a

---

[1] The complaint is silent as to when Mr. Romano first learned of Mr. Defusco's bankruptcy. Mr. Romano's unverified representation in his motion seeking to extend the deadline to object to Mr. Defusco's discharge or to the dischargeability of his debt suggests that he became aware of Mr. Defusco's bankruptcy on March 29, 2012.

claim for willful and malicious injury under the test articulated by the U.S. Supreme Court in *Grogan v. Garner*, 498 U.S. 279 (1991).

Mr. Romano disagrees claiming, with respect to both counts, the right to rely upon the Court's Notice to Added Creditors setting a deadline to object to discharge or dischargeability which, after the three court-approved extensions, he met. As to count II, Mr. Romano argues that he will be able to adduce evidence of Mr. Defusco's knowing and willful violation of state and federal employment laws that will satisfy the test under §523(a)(6). He cites Judge Joan N. Feeney's recent decision in *Chaves v. Ruhland (In re Ruhland)*, No. 11-1322, 2013 WL 1088737 (Bankr. D. Mass. March 13, 2013), where she held that § 523(a)(6) excepted from discharge a debt arising from the non-payment of wages.

## Discussion

**Revocation of Discharge**

Bankruptcy Code § 727(d)(1) permits the revocation of a debtor's discharge upon the request of a creditor in, among other, situations where the discharge was obtained through fraud and the creditor did not know of the fraud until after the discharge was granted. Section 727(e)(1), however, limits the time within which a party may seek revocation of a discharge under § 727(d)(1) to "within one year after such discharge is granted." Mr. Romano's adversary proceeding was not brought within the one year period and so runs afoul of § 727(e)(1).

In *The Cadle Co. v. Andersen (In re Andersen)*, 476 B.R. 668 (B.A.P. 1st Cir. 2012), the Bankruptcy Appellate Panel for the First Circuit considered the nature of § 727(e)(1). In adopting the clear majority view, the BAP concluded that "§ 727(e)(1) is jurisdictional, and as such, its deadline is firm and not subject to equitable tolling….Section 727(e)(1)'s time requirement is not a

4

mere statute of limitations, but an essential prerequisite to the [discharge revocation] proceeding." *Id.* at 673 (internal citations and quotation marks omitted).[2] *See also id.* at n.8.

Mr. Romano argues that he was entitled to and did rely upon the orders of this court which set the deadline for him to object to Mr. Defusco's discharge as April 6, 2013. As the BAP noted in *Andersen*, this is a plea for "equitable tolling in masquerade." *Id.* at 674. The orders setting the deadline for Mr. Romano to object to Mr. Defusco's discharge, and by inference extending the time to seek revocation of the discharge, to a date after the expiration of the jurisdictional limit under § 727(e)(1) were entered in error. Unlike errors in setting bar dates for filing proofs of claim or filing dischargeability actions, both of which are deadlines set not by statute but by the Federal Rules of Bankruptcy Procedure, the discharge deadline is statutory insofar as § 727(e)(1) establishes an outside limit on actions to revoke discharges. While courts have used their equitable power to prevent harm to parties who have complied with incorrect non-statutory deadlines, *Nicholson v. Isaacman (In re Isaacman),* 26 F.3d 629 (6th Cir.1994), courts have no such power with respect to the jurisdictional bar imposed by § 727(e)(1).

While seemingly a harsh result, I note that Mr. Romano, who was represented by counsel, knew of Mr. Defusco's bankruptcy discharge well within the year after Mr. Defusco received it and could have commenced a timely action under § 727(d). Further, one of the bedrock principles of the Bankruptcy Code is to endow the order granting discharge with a high degree of finality. *Id.* at 675. In any event as discussed below, this does not leave Mr. Romano without a remedy.

---

[2] As the *Andersen* court noted, its holding is consistent with the U.S. Supreme Court's decision in *Kontrick v. Ryan*, 540 U.S. 443 (2004), in which the Court explained that deadlines set forth in the bankruptcy rules, specifically Fed. R. Bank. P. 4004(a) and 4007(c), are not jurisdictional and could be forfeited if not timely raised. *Andersen*, 476 B.R. at 673 n.8.

5

**Dischargeability under Section 523(a)(6)**

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atlantic v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007); *Rederford v. U.S. Airways, Inc.,* 589 F.3d 30, 35 (1st Cir. 2009). A court must accept as true the factual allegations of the complaint but not the legal conclusions, even if couched as facts. *Ashcroft v. Iqbal,* 556 U.S. 662, (2009). Recitations of the elements of a cause of action supported only by legal conclusions are insufficient to withstand a motion to dismiss. *Id.*; *Thomas v. CitiMortgage, Inc. (In re Thomas),* 447 B.R. 402, 406 (Bankr. D. Mass. 2011). A court does not decide "whether a plaintiff will ultimately prevail[,] but whether the claimant is entitled to offer evidence to support [his] claims." *Gilbert v. Essex Group, Inc.,* 930 F. Supp. 683, 686 (D.N.H.1993) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

There is no dispute that Mr.Romano's claim arose prepetition and that unless specifically excepted, it has been discharged. Mr. Defusco argues that the court lacks subject matter jurisdiction to hear Mr. Romano's dischargeablity count and that in any event Mr. Romano's complaint fails to state a claim under § 523(a)(6).

Bankruptcy Code § 727(b) declares that: "[e]xcept as provided in section 523 of this title, a discharge under [§ 727(a)] discharges the debtor from *all debts* that arose before the date of the order for relief ... whether or not a proof of claim based on any such debt or liability is filed." (emphasis added). As indicated above, discharge under § 727 is subject to the inflexible limitation period set forth in § 727(e)(1). Bankruptcy Code § 523 which governs dischargeablity of specific

6

debts contains no such statutory limitation. Fed. R. Bankr. P. 4007(b) requires that a complaint other than one under § 523(c) may be filed at any time.

There is no dispute that Mr. Romano is asserting a claim under § 523(a)(6). Mr. Defusco, however, points out that the complaint fails to allege that Mr. Romano did not learn of Mr. Defusco's bankruptcy case in time to have filed an adversary proceeding objecting to dischargeability of his debt within the time originally established in the notice of the commencement of Mr. Defusco's bankruptcy and thus the dischargeability count, like the discharge count, is untimely.[3] The question of whether Mr. Romano knew of Mr. Defusco's bankruptcy would be relevant had Mr. Romano brought his non-dischargeability count under Bankruptcy Code § 523(a)(3).[4] He did not. Mr. Defusco chose to amend his bankruptcy schedules

---

[3] Fed. R Bank. P. 4007(c) provides:

> Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

[4] In relevant part, section 523(a)(3) excepts from discharge debts that are:

> neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit--
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request….

to add Mr. Romano as a creditor thus bringing Mr. Romano's claim within the scope of Mr. Defusco's bankruptcy case. Mr. Romano did not protest. Upon allowing the motion, the court, as it routinely does in these situations, issued its Notice to Added creditors fixing deadlines for §§ 727 and 523 complaints. For the reasons stated previously, Mr. Romano failed to meet the deadline for § 727 complaints due to the preemptive intervention of § 727(e)(1). His complaint under 523(a)(6), however, was timely.

Section 523(a)(6) contains a discharge exception for debts arising out of "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). To establish the elements of "willful and malicious injury" under § 523(a)(6), a creditor must prove by a preponderance of the evidence that: 1) he suffered injury; 2) the debtor intended to cause the injury or there was substantial certainty the injury would occur [willfulness]; and 3) the debtor had no justification or excuse for the action causing the injury [maliciousness]. *Ruhland*, 2013 WL 1088737 at *9; *accord Printy v. Dean Witter Reynolds, Inc.*, 110 F.3d 853, 859 (1st Cir. 1997). *See also Grogan v. Geiger*, 498 U.S. 279 (1991). To satisfy the "willfulness" element, something more than recklessness is required. *In re Elias*, 494 B.R. at 604. Federal law determines what conduct reaches this level, although state law can be illustrative. *In re Romano*, 385 B.R. 12, 30 (Bankr. D. Mass. 2008). A malicious injury is one that is "wrongful and without just cause or excuse." *Ruhland*, 2013 WL 1088737, at *9 (internal citation and quotation marks omitted).

Mr. Romano alleges that Mr. Defusco knowingly underpaid him, failed to withhold taxes and retaliated against him for reporting the bakery's unsafe working conditions to OSHA, all in violation of state and federal law. The complaint is sufficient to state a plausible claim under § 523(a)(6). *Ruhland*, 2013 WL 1088737, at *9.

**Conclusion**

For the reasons set forth above, the motion to dismiss count II of the complaint seeking to revoke Mr. Defusco's discharge under § 727(d)(1) is GRANTED and the motion to dismiss count I seeking to except Mr. Romano's debt from discharge is DENIED. Mr. Defusco is to file an answer to count I of the complaint within 30 days of the date of this order.

At Worcester, Massachusetts this 28th day of October, 2013.

By the Court,

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   Lauren A. Solar, Esq.
Bartlett Hackett Feinberg, P.C.
Boston, MA
for plaintiff, Domenick Romano

Daniel A. DeBruyckere, Esq.
David E. Haughton, Esq.
DeBruyckere Law Offices, P.C.
North Andover, MA
for defendant, Albert J. DeDefusco